JOSEPH DOMBROSKI, PLAINTIFF, v. METROPOLITAN LIFE INSURANCE COMPANY AND VINCENT B. SMITH, DEFENDANTS.

Decided October 27, 1938.

For the rule, *Clifford I. Voorhees.*

*Contra, Quinn, Parsons & Doremus (John J. Quinn).*

PALMER, C. C. J.   This is defendants' rule to show cause why a new trial should not be granted, allowed by the late Judge Lawrence, with the argument on the return thereof not completed before his death.   Counsel for all parties have agreed by stipulation that the rule should be argued and determined by me.   Accordingly it has been argued and briefs submitted.

The issue tried was that of a suit for malicious prosecution. The verdict was in favor of the plaintiff in the sum of $25,000. The reasons assigned were that the verdict was excessive and based upon passion, sympathy, bias and prejudice.

The plaintiff, not a citizen of this country, was employed by the defendant insurance company in 1923 as a collector and solicitor, he speaking several languages and doing his work largely among the members of the foreign population of Freehold and vicinity.   During the week of March 26th, 1934, a checking of his books and accounts by inspectors from the home office of the corporate defendant showed a considerable cash shortage, and plaintiff was suspended.   Some months thereafter it was brought to the attention of the corporate defendant that a number of its checks issued to policyholders

at Freehold and in that vicinity for various reasons, had been forged as to the payees' names. An investigation disclosed that plaintiff had been present and identified as being the proper payee, some of the persons who had cashed these checks. When confronted with this information he denied having forged any of the signatures, but did agree to make good the face of the checks so forged. This was accomplished by charging the amount of these checks against money deposited by plaintiff with the corporate defendant.

The whole matter was submitted to counsel for the corporate defendant and upon his advice the defendant Smith, an employe of the insurance company, made the complaints charging forgery and caused warrants to be issued in two cases against plaintiff. He was arrested, gave bail, was indicted and upon the trial of one case he was acquitted. The other indictment remains undisposed of. After his acquittal this suit was brought.

Plaintiff testified that his earnings were from $3,000 to $4,000 per year and in one or two years reached nearly $5,000. That he had done practically no work since his arrest and that the existence of the charges of forgery had prevented his securing work in the same line with any other insurance company. That he had made application to several of them and secured jobs, but when the investigation by his new employer disclosed the existence of the indictment he was dischårged. Only one effort was made to corroborate this testimony by any representatives of other insurance companies, and that witness testified that with a full knowledge of the indictment and acquittal of plaintiff he hired him but let him go because of the pendency of this suit for damages. That testimony hardly supports the theory of the plaintiff that his reputation as a collector for industrial insurance companies had been damaged.

He also testified that he lost his home because of inability to pay interest charges on a building and loan mortgage. The plaintiff's daughter said that one of her schoolmates stated to her it would now, after the arrest of her father, be very

hard for him to secure employment. That was all the testimony concerning any monetary losses sustained by the plaintiff.

I have read the entire testimony with care. I do not think that it justified the conclusion that the prosecution of the plaintiff was malicious. While defendant Smith on the stand stated that he did not believe the plaintiff had forged the signatures in question, yet at the time that the defendant Smith made the complaint charging forgery he had before him evidence of at least irregularities in the collection account of plaintiff, which the plaintiff agreed to repay, together with evidence of the presence of plaintiff at times when some of the checks were cashed, and that plaintiff introduced persons as the payees of said checks as being the proper payees thereof.

The charge of forgery necessarily included that of aiding and abetting a forgery. Certainly the defendant Smith was justified under the facts before him at the time of the making of the complaints that the plaintiff was guilty of aiding and abetting a forgery. The complaint then against the plaintiff could not have been maliciously made.

The verdict was far in excess of the damages sustained. While punitive as well as compensatory damages were asked for and unquestionably allowed by the verdict, I think the amount awarded must have been by reason of some passion or prejudice on the part of the jury. I am unable to find from the testimony facts which would justify a verdict of $25,000 in this case. Where a verdict is so excessive it can only be accounted for as the result of some passion or prejudice on the part of the jury, and the court is bound to set aside such a verdict.

The rule to show cause will be made absolute.